CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 19 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROMANIA PETER CUNNINGHAM,<br>Petitioner,<br><br>v.<br><br>B.A. BLEDSOE,<br>Respondent. | Civil Action No. 7:05-CV-00452<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>United States District Judge |

Petitioner Romania Peter Cunningham, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. However, due to Cunningham's failure to meet the requirements of proceeding under § 2241, this court construes Cunningham's petition as a subsequent petition under 28 U.S.C. § 2255. Because the petitioner's original conviction occurred in the Eastern District of Virginia, this court lacks jurisdiction to hear this case. Because Cunningham's petition is clearly time-barred, and because Cunningham states that he has filed a previous petition under § 2255, and has provided no evidence that he received a certificate of appealability from the United States Court of Appeals for the Fourth Circuit to file a subsequent § 2255 petition, this court dismisses Cunningham's petition without prejudice, rather than transferring it to the United States District Court for the Eastern District of Virginia.

Cunningham states that the District Court for the Eastern District of Virginia convicted him in 1987. Cunningham alleges that the federal judge should have run Cunningham's sentence concurrently to Cunningham's state sentence because they were related to each other. However, a court will not entertain a § 2241 petition unless the petition raises issues suggesting that a § 2255 motion would be "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural bar to relief under

§ 2255, such as the rule against successive petitions, does not render § 2255 review inadequate. See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

The Court of Appeals for the Fourth Circuit has enunciated a test, which determines that § 2255 would be inadequate and ineffective if:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Cunningham has not presented any argument to explain why § 2255 would not provide an effective remedy for his claims. Cunningham's claims involve a judicial determination at sentencing that Cunningham now claims was contrary to the governing statute. These issues are adequately remedied by a motion under § 2255. Cunningham has not alleged that the offenses for which he was convicted in federal court–including kidnaping, use of a firearm by a convicted felon, and interstate transportation of a stolen vehicle–are now legal. Cunningham has failed to prove either part (2) or part (3) of the In re Jones test. Therefore, this court must treat Cunningham's petition as a successive petition under § 2255, which is filed in the wrong court, and dismiss it.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to include a one-year limitation period. Normally, the limitation period runs from the date on which the conviction became final. See 28 U.S.C. § 2255 ¶ 6(1). For conviction that became final prior to the enactment of the AEDPA, petitioners had one year from the enactment

to file their petitions. Therefore, Cunnigham's petition is over eight years late.

Cunningham states in his petition that he filed a previous motion under 28 U.S.C. § 2255. An applicant must obtain authorization from the court of appeals prior to bringing a second or successive action in district court under § 2255. See 28 U.S.C. § 2253(c)(1)(B). Because Cunnigham has not shown that he received authorization from the Court of Appeals for the Fourth Circuit to file a successive motion under 28 U.S.C. § 2255, this court must dismiss his petition.

Cunningham's claims fail to meet the requirements of a § 2241 petition. This court construes Cunningham's petition as an untimely, subsequent § 2255 motion. Therefore, this court dismisses Cunningham's motion without prejudice. An appropriate order will be entered this day.

ENTER: This 19th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE